## CIRCUIT COURT OF THE CITY OF RICHMOND

Environmental Defense
Fund, Inc., et al.

v.

Virginia State Water
Control Board

February 27, 1992

Case No. HB–241–3

By JUDGE T. J. MARKOW

The Environmental Defense Fund, et al. ("EDF") has filed an appeal of the decision by the Virginia State Water Control Board ("Board") to deny the petitioners' request for an informal public hearing pursuant to Board Procedural Rule 1.11 in conjunction with an amendment of VPDES permit No. VA003646 issued to Westvaco Corporation ("Westvaco"). The Board has filed a motion to dismiss the appeal based on its offer to provide a "substitute hearing," if this court will so order.

Preliminarily, the court will consider Westvaco's motion to file out of time a memorandum in support of the Board's motion to dismiss and EDF's opposition to that motion. EDF's objection is that its counsel did not receive copies of the memorandum until after the hearing on the motion to dismiss and that it presented "a singular view of one part of the statute that does not present a fair analysis of the Board's public participation requirement." The court overrules the objection as the memorandum relies only on Code sections and the Board's Procedural Rules that all were under fair notice and were at the heart of the arguments here. The court can see no novel interpretations of the provisions discussed and in a matter of such importance wants as much guidance as can be had.

In support of its motion, the Board directs the court's attention to § 9–6.14:19 of the Virginia Administrative Process Act which provides:

When a regulation or case decision is found by the court to be not in accordance with law under § 9–6.14:17, the court shall suspend or set it aside and remand the matter to the agency for such further proceedings, if any, as the court may permit or direct in accordance with law.

Va. Code Ann. § 9–6.14:19 (Repl. Vol. 1989). The Board argues that in the language "the court shall suspend or set *it* aside and remand *the matter* to the agency," the *"it"* or *"the matter"* to be suspended or set aside and remanded in this case is the informal hearing denial. That argument ignores the first half of that sentence which is "When a *regulation or case decision* is found by the court not to be in accordance with law." The reference is clearly to a regulation or case decision, and the court does not find latitude for the more expansive reading suggested by the Board.

A second argument made by the Board is that an informal hearing denial is what is appealed and that an informal hearing denial is not a case decision. As only regulations or case decisions can be appealed, pursuant to § 9–6.14:16, the Board concludes that review is not available to EDF since it has no standing to appeal the permit amendment which is the case decision at the core of this matter.

After a review of statutory and case law definitions of case decisions, the court concludes that the Board is correct. A case decision is any agency "determination that, under laws or regulations at the time, a named party . . . may or may not be (i) in violation of such law or regulation and (ii) in compliance with any existing requirement for obtaining or retaining a license or any other right or benefit." Va. Code Ann. § 9.614:4(D) (Repl. Vol. 1989). In determining whether a letter to a hospital from the State Health Commissioner was a case decision, the Virginia Supreme Court focused on the Reviser's Notes to that section and its statement that "the 'heart' of a case decision is a fact determination respecting compliance with law'." *Kenley v. Newport News Hosp. Assoc.,* 227 Va. 39, 45, 314 S.E.2d 52, 55 (1984).

The letter to EDF from the Board did not concern itself with EDF's compliance with law but were specific responses to comments that EDF had made, some of which the Board noted that it intended to incorporate in the permit and some of which it explained were inappropriate considerations. It was not a case decision and cannot be appealed as such.

Since the Board offered voluntarily to provide EDF with a hearing, the court will direct it to do so in the order dismissing this appeal.